UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:25-cr-00456-KKM-AAS

DESIREE DOREEN SEGARI
_______________________________/

## DEFENDANT'S SECOND MOTION FOR RECUSAL

The Defendant, Desiree Doreen Segari, by and through her attorney, pursuant to 28 U.S.C. § 455, moves to recuse The Honorable Kathryn Kimball Mizelle because, under the pervasive bias exception to the extrajudicial source doctrine, Your Honor's impartiality might reasonably be questioned under subsection (a), and Your Honor has a personal bias or prejudice against her under subsection (b)(1). In support of this second motion for recusal, Ms. Segari states and argues as follows:

### FACTS AND PROCEDURAL HISTORY

On November 14, 2025, Ms. Segari filed a motion to recuse Your Honor under 18 U.S.C. § 455(a), alleging that your impartiality might reasonably be questioned, in sum, given your husband's close affiliation with, and continued support of, the MAGA movement during his time in government and in the private sector. Doc. 29 at 6. On November 21st, Your Honor denied Ms. Segari's

motion for recusal. Doc. 30. Your Honor wrote the following passage in the Order denying recusal:

> Segari moves for my recusal, not based on my public opinions, my prior representation of a related party, or my family members' involvement as a party, but on my husband's service in the government and his public views of other instances of threats (notably Segari does not identify what he said about those other instances, nor have I watched the referenced news show). Even if my husband's actions would necessitate recusal had they been mine, there are two potential problems with this tangential inference of partiality.
>
> First, my husband's views are not attributable to me. To suggest otherwise is sexist, condescending, and negated by common experience. Second, Segari's argument presumes that I cannot fairly preside over an action in which a defendant dislikes the political party with which my husband is associated. Federal judges are not so delicate, and I am no exception. As such, an "objective, disinterested, lay observer" would not in the present circumstances harbor a significant doubt about my impartiality.

*Id.* at 5 (emphasis added). This second motion for recusal soon followed.

## MEMORANDUM OF LAW

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 18 U.S.C. § 455(a).

> "The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible. The judge's forgetfulness, however, is not the sort of objectively ascertainable fact that can avoid the appearance of partiality. *Hall v. Small Business Administration*, 695 F.2d 175, 179 (5th Cir.1983).

> Under section 455(a), therefore, recusal is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge."

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860–61 (1988) (quoting 796 F.2d 796, 802 (5th Cir. 1986)). "[S]ection 455(a) embodies an objective standard. The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988) (citing *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1988), *cert. denied*, 449 U.S. 820 (1980)).

A judge shall also disqualify herself "where she has a personal bias or prejudice concerning a party." 18 U.S.C. § 455(b)(1). Recusal under this subsection is mandatory, because "the potential for conflicts of interest are readily apparent." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir.2001) (internal quotation marks omitted)). "[A]ny doubts must be resolved in favor of recusal" under section 455(b)(1). *Patti*, 337 F.3d at 1321 (citing *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989)).

The "extrajudicial source doctrine" applies to recusal motions under sections 455(a) and 455(b)(1). *Liteky v. United States*, 510 U.S. 540, 550, 554 (1994). It's a limiting principle in the sense that a basis for recusal must come from "a

source outside the judicial proceeding at hand." *Id.* (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). "The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias or prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice." *Liteky*, 510 U.S. at 554.

Pervasive bias is an exception to the extrajudicial source doctrine:

> It is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that "extrajudicial source" is the *only* basis for establishing disqualifying bias or prejudice. It is the only *common* basis, but not the *exclusive* one, since it is not the exclusive reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment. (That explains what some courts have called the "pervasive bias" exception to the "extrajudicial source" doctrine. *See, e.g., Davis v. Board of School Comm'rs of Mobile County*, 517 F.2d 1044, 1051 (CA5 1975), *cert. denied*, 425 U.S. 944 (1976).)

*Liteky*, 510 U.S. at 551 (emphasis kept and added). As Justice Scalia said:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See Grinnell Corp.*, 384 U.S. at 583. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are a basis for appeal, not recusal.
>
> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial

> that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. <u>They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.</u> An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States*, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.* at 28 (internal quotation marks omitted).

*Id.* at 555 (emphasis kept and added, and citations shortened).

In Your Honor's Order, an exception to the extrajudicial source doctrine has clearly presented itself. The tone and tenor of the Order denying recusal, as a whole, is troublesome to say the least. But what <u>really</u> stands out, what's particularly concerning to Ms. Segari, is the notion that she (or me as her counsel) ever suggested that your husband's views <u>are</u> attributable to you and that that suggestion, in and of itself, <u>is</u> "sexist, condescending, and negated by common experience." Doc. 30 at 5. Your Honor's comments crossed the line. They evince a degree of antagonism towards Ms. Segari that's judicially impermissible, and they are so extreme as to display Your Honor's clear inability to render a fair judgment in her case. Your Honor's words are similar in spirit as those that were made by the district judge in *Berger*—words Justice Scalia echoed in his reasoning that "reveal[ed] such a high degree of favoritism or antagonism as to make fair judgement impossible." *Liteky*, 510 U.S. at 555.

The degree of antagonism in Your Honor's Order is palpable. The pervasive bias exception to the extrajudicial source doctrine for recusal under section 455 is present and warranted in this matter. An objective, disinterested, lay observer fully informed of Your Honor's Order denying recusal—where you intimated or otherwise suggested that Ms. Segari (or her counsel) ever said that your husband's words were ever attributable to you and that she (we), believing or saying such things, is "sexist" and "condescending"—would entertain a significant doubt about Your Honor's impartiality under section 455(a). And the words expressed by Your Honor certainly rise to the level of prejudice or bias towards Ms. Segari under section 455(b)(1), which mandate recusal—even if there's some doubt—for the reasons just stated. Your Honor's antagonism towards Ms. Segari makes fair judgment in this matter impossible. For these reasons, and as sections 455(a) and 455(b)(1) command, Your Honor must recuse.

Respectfully submitted November 26, 2025.

**CHARLES L. PRITCHARD**
**FEDERAL PUBLIC DEFENDER**

***/s/ Stephen Consuegra***
Assistant Federal Defender
Florida Bar. No. 105816
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
E-mail: Stephen_Consuegra@fd.org

## CERTIFICATE OF SERVICE AND OF GOOD FAITH

I HEARBY CERTIFY that on November 26, 2025, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to AUSA Michael Carl Sinacore, and that this second motion for recusal is made in good faith.

***/s/ Stephen Consuegra***
Stephen Consuegra
Assistant Federal Defender