UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-456-KKM-AAS

DESIREE DOREEN SEGARI

# UNITED STATES' NOTICE OF INTENT TO ADMIT EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS UNDER FED. R. EVID. 404(b).

The United States, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, provides notice of intent to introduce evidence of other crimes, wrongs, or acts, under Federal Rules of Evidence Rule 404(b).

The defendant is charged with interstate communication of a threat to injure another person, in violation of 18 U.S.C. § 875(c). The offense is alleged to have occurred on or about August 17, 2025.

## Overview of the evidence

The United States anticipates the evidence at trial will establish that the defendant posted videos on TikTok, a social media platform that operates in

interstate commerce, and threatened injury to anyone wearing "MAGA"[1] hats. The statements Segari makes in pertinent videos[2] are as follows:

<u>Post date: 8/12/2025 05:10:08PM (UTC +00)</u>
<u>VID 7537747412165676319</u>

We're so free that we can't do anything and we can't afford anything and we just let people fucking boss us around and we're so brave that we're letting them come for our children, the children of our nation, our nation's children, and we're letting them come for them, and we're too scared to speak up about anything because, ooh, what if we get called antisemitic? That's so much worse than children starving to death, right? Right? If everybody could collectively get their heads out of their fucking asses and take the guns that we all adamantly need to have as Americans our Second Amendment and use it to kill the tyrannical government, that's the whole reason why the Second Amendment is in the fucking Constitution it's so we can uprise against a tyrannical government like one who is taking all of our money and taking all the nutrients out of our food and feeding us fucking poison and trying to rape

---

[1] "MAGA" stands for "Make America Great Again," which is a political slogan or movement that is associated with its putative leader, United States President Donald Trump. Volle, Adam. "MAGA movement". *Encyclopedia Britannica*, 28 Nov. 2025, https://www.britannica.com/topic/MAGA-movement. Accessed 11 December 2025.

[2] The videos are identified by the post date and VID (video number) in records provided by TikTok.

our fucking children and stealing a part of our population because they're brown and essentially trying to put them into concentration camps and stealing homeless people instead of feeding them. Like do we not realize what the fuck is going on or do we truly not care? Are we that fucking scared that we won't stand up for our own fucking rights? Are we joking land of the free home of the brave? We are one of the least free nations and apparently we are a bunch of fucking pussies cause you guys would stand up and fight over wearing masks but you won't stand up to fight over women's rights being taken away, children being tried as adults. You know what that's for, you really think that there's a really gang of 14 year olds running around doing crimes you fucking retards? No. No. They want to be able to fuck 14 year olds. Why are you okay with this? It's about the children. Is it? Is it about the children? Is it? Or is it about controlling women.

Post date: 08/17/2025 11:43:26PM (UTC +00)
VID 7539704208090598687

Ok guys, so I would like to start a new movement called see MAGA choo MAGA, because people like that respond to fear and terror and aggression not logic and empathy and I don't know, intelligence, it doesn't work for them so fear works so if we all get our guns and use our second amendment right and our common sense at this point this administration is begging us to rise up and revolt and you see somebody with a MAGA hat pew

pew that's what we do, that's the way, it's the only way. Put them back in their basements, make them scared again to be racist, homophobic, and terrible just awful fucking pieces of shit because I would way rather live next to anyone other than MAGA people. MAGA people deserve to be terrified and scared to walk in the streets because they should know that real Americans are gonna [mouths the word "fucking"] kill them.

(During the video, as Segari says the word "choo" she makes a hand gesture mimicking the firing of a gun.)

<u>Post date: 08/18/2025 11:10:46PM (UTC +00)</u>
<u>VID: 7540066934386134303</u>

See MAGA pew pew MAGA, see MAGA pew pew MAGA, see MAGA pew pew MAGA so these motherfuckers know we ain't here to play, you can't run around and fuck with our neighbors you can't be a homophobic piece of shit, you can't just be generally awful and be ok with kids getting ripped away from their moms and all these terrible things happening just because you think it won't happen to you even though anything that you allow your government to do to other people they will eventually do to you and that's why Trump is taking over in D.C. and we're living in a police state.

(During the video, Segari sings her statements and makes a hand gesture mimicking the firing of a gun.)

## The Videos Comprising a Threat

VID 7539704208090598687, posted on August 17, 2025, and VID 7540066934386134303, posted on August 18, 2025, are threats against any person who could be considered a part of MAGA. The video on August 17 expresses a threat of causing injury to others (by shooting people), the targets of the threat (anyone who is wearing a MAGA hat), and the purpose of the threat (to cause fear and terror through aggression, not logic). The video on August 18 animates the threat against MAGA through song and mimicry of people getting shot, reinforces the subject of the threat (anyone identified with MAGA), states a purpose of the threat (so MAGA knows they are serious, and "not here to play"), and provides a justification for the threatened violence (disagreement with various acts of the government, and criticism of perceived attitudes and beliefs of MAGA). These two videos are intertwined and intrinsic to the charge in the indictment.

## Evidence Admissible Under Fed. R. Evid. 404(b)

VID 7537747412165676319, posted on August 12, is relevant to prove the defendant's motive, purpose, and intent, the context of the threat against MAGA made by Segari in her TikTok videos posted on August 17 and 18, and to prove that the threat videos were not posted by accident or mistake.

## LEGAL MEMORANDUM AND ANALYSIS

Rule 404 of the Federal Rules of Evidence applies to the use of character evidence and evidence of other crimes, wrongs, or acts. It provides:

> **(b) Other Crimes, Wrongs, or Acts.**
>
> **(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2) Permitted Uses.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Eleventh Circuit has articulated a three-prong analysis for evidence of other crimes, wrongs, or acts:

> (1) the evidence must be relevant to an issue other than defendant's character;
>
> (2) the government must offer sufficient proof so that the jury could find that defendant committed the act;
>
> (3) the probative value must not be substantially outweighed by its undue prejudice.

*United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992).[3] The Supreme Court has also endorsed this test. *Huddleston v. United States,* 485 U.S. 681, 108

[3] In some cases, the Eleventh Circuit has listed the second and third prongs in a different order, with the proof of the prior act as the third prong and the weighing of undue prejudice against probative value as the second prong. *See e.g., United States v.*

S.Ct. 1496, 99 L.Ed.2d 771 (1988).

The principles are the same whether the extrinsic conduct occurs before or after the charged offense and regardless of whether the activity gave rise to criminal liability. *U.S. v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). Proof of conviction is sufficient evidence for the jury to find that the defendant committed the act. *Id.*; *See also U.S. v. Zapata*, 139 F.3d 1355, 1358 (11th Circuit 1998) (finding that documents proving the conviction is sufficient evidence).

Rule 404(b) is a rule of inclusion. *United States v. Perez–Tosta,* 36 F.3d 1552, 1562 (11th Cir.1994) (noting that Rule 404(b) is a rule of inclusion and, like other relevant evidence, 404(b) evidence should not lightly be excluded when it is central to the prosecution's case). A district court's decision to admit or exclude such evidence is reviewed for abuse of discretion. *U.S. v. Delgado*, 56 F.3d 1357, 1363 (11th Cir. 1995). The 404(b) evidence must be relevant, but a preliminary finding under Rule 104 that the government has proved the other crime, wrong or act is not required. *Huddleston v. United States*, 485 U.S. 681, 689, 108 S. Ct. 1496, 1501 (1988).

Relevance is a function of the similarity of the extrinsic evidence to the offense charged. "In this regard, however, similarity means more than that the

---

*Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008), and *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005).

extrinsic and charged offense have a common characteristic. For the purposes of determining relevancy, 'a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand.' Therefore, similarity, and hence relevancy, is determined by the inquiry or issue to which the extrinsic offense is addressed." *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (citing Stone, The Rule of Exclusion of Similar Fact Evidence: England, 46 Harv.L.Rev. 954, 955 (1933)).

*404(b) Evidence is Admissible for Other Purposes Not Listed in the Rule*

Rule 404(b) provides specific purposes for which extrinsic evidence may be admitted, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). The list provided in the rule is not exhaustive and the range of relevancy is almost infinite. *United States v. Stephens*, 365 F.3d, 967, 975 (11th Cir. 2004). For example, Rule 404(b) evidence may also be admitted to corroborate the testimony of key witnesses, rehabilitate credibility, and rebut an argument that the witness falsely testified to get a benefit from the government. *See United States v. Pineda*, 843 F. Appx 174, 182 (11th Cir. 2021) (unpublished opinion affirming Rule 404(b) evidence admitted to corroborate the testimony of a key government witness and to rehabilitate credibility by rebutting argument that the witness falsely testified to get a reduced sentence

from the government); *United States v. McLean*, 138 F.3d 1398, 1405 (11th Cir. 1998) (finding Rule 404(b) evidence properly admitted to corroborate confidential informant's testimony about the charged crime); and *United States v. Henderson*, 409 F.3d 193, 1304 (11th Cir. 2005) (finding evidence that the sheriff who hired the defendant was removed from office for fraud was properly admitted, as it was not used to show bad character or "guilt by association," but was used to rehabilitate the credibility of a detective impeached by the defense for having been disciplined by the sheriff).

*The Relevance of Segari's TikTok Video Posted on August 12, 2025*

In this case, Rule 404(b) evidence is relevant to prove the following elements of the crime charged in the indictment:

(1) the Defendant knowingly sent a message in interstate commerce containing a true threat to injure the person of another; and

(2) the Defendant sent the message with the intent to communicate a true threat or with recklessness as to whether it would be viewed as a true threat.

Segari's video posted on August 12 is relevant to prove the context of the threat against MAGA made by Segari in her TikTok videos posted on August 17 and 18, her knowledge, motive, purpose, and intent when she posted the threat videos, and to prove that the threat videos were not posted by accident, mistake, or misunderstanding.

*Context*

In the video she posted on August 12, Segari expressed her belief that everyone needs to use their firearms to kill the government and her belief that the purpose of the Second Amendment is for people to uprise against a tyrannical government. That video provides context for her subsequent threat videos, which call for random acts of violence by shooting persons identified with MAGA, a movement strongly associated with the current administration of government.

*Knowledge, Motive, and Intent*

By pleading not guilty, the defendant has made her intent a material issue, and the government bears the burden of proving the requisite intent for the crimes charged in the indictment. *See United States v. Delgado*, 56 F.3d 1357, 1365 (11th Circuit 1995) (stating that a defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove through 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue).

When intent to commit the charged offense is an issue, the relevancy of the extrinsic offense derives from the defendant having the same state of mind in the perpetration of both the extrinsic and charged offenses. *United States v. Beechum*, 582 F.2d at 911. A not guilty plea renders the defendant's intent a

material issue, and evidence that may be probative of a defendant's state of mind is admissible unless the defendant affirmatively removes the issue from the case. *U.S. v. Roberts*, 619 F.2d 379 (5th Cir. 1980). A not guilty plea and claim of lack of participation in the charged crime places intent at issue, and evidence that a defendant committed a similar type of crime on another occasion is admissible to prove the defendant's state of mind. *See U.S. v. Smith*, 741 F.3d 1211, 1225 (noting there is ample precedent in this circuit that a not guilty plea in a drug conspiracy case puts intent at issue and makes admission of prior drug-related offenses highly probative evidence of a defendant's intent, even where the prior conviction is many years old); *U.S. v. Durham*, 554 Fed. Appx. 901 (11th Cir. 2014) (unpublished opinion finding defendant's conviction for attempted bank robbery admissible under Rule 404(b) in a trial for attempted bank robbery since the evidence was relevant to establish intent, state of mind for the prior offense and the charged offense were the same, the prior offense occurred within five months of the charged offense, and any unfair prejudice was mitigated by the district court's instructions to the jury); and *U.S. v. Holmes*, 171 Fed. Appx. 753 (11th Cir. 2006) (unpublished opinion finding that evidence of defendant's involvement in an uncharged bank robbery was admissible in prosecution for bank robbery and possession of a firearm during the commission of a felony where defendant's not guilty plea

and claimed lack of participation placed intent at issue and there were similarities between the two crimes).

The government must prove Segari's intent to commit the crime charged in the Indictment beyond a reasonable doubt. Proof that she previously posted a video calling for people to use their firearms to rise up against government is highly probative evidence of her knowledge and intent. The August 12 video shows Segari knowingly and purposely posted the threat videos to cause members of the current administration and its supporters to fear random acts of violence. It is also relevant evidence that Segari acted with recklessness because she was aware others could regard the statements she made on August 17 and 18 as threatening violence, yet she delivered them anyway.

*Absence of Accident or Mistake*

The August 12 video is relevant to show that Segari did not post videos on August 17 and 18 by accident or mistake, and that she did not subjectively believe that everyone viewing the videos would interpret the videos as a joke or sarcasm. The video demonstrates Segari's purpose for the threat videos: to cause people associated with MAGA to fear for their lives and be afraid to be seen in public, as they could be subject to random acts of shooting violence. The August 12 video is relevant evidence that Segari believed acts of violence

against MAGA were not only justified, but were also protected by the Second Amendment. That purpose and belief is inconsistent with Segari posting videos on August 17 and 18 through accident, mistake, or misunderstanding.

*Rule 403 Analysis*

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Exclusion of evidence under Rule 403 is an extraordinary remedy which should only be used sparingly, and the balance should be struck in favor of admissibility. *U.S. v. Edouard*, 485 F.3d at 1351, n.8 (citing *U.S. v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006).

When weighing the probative and prejudicial effects of other crime evidence, the strength of the government's case on the issues of knowledge and intent, the overall similarity of the extrinsic and charged offenses, the amount of time separating them, and whether it appeared at the start of trial that the defendant would contest the issue of knowledge or intent are all factors. *United States v. Mitchell*, 666 F.2d 1385, 1390 (11th Cir. 1982). The trial judge has wide discretion in evaluating these factors and will not be reversed on appeal unless the defendant can demonstrate abuse of that discretion. *Id.*

Other crimes evidence is not easily excludable where the evidence of the defendant's predisposition to commit the crime is not overwhelming. *United States v. Richardson*, 764 F.2d 1514, 1523 (11th Cir. 1985). Furthermore, when other crimes evidence is admitted, any risk of undue prejudice to a defendant can be reduced by a limiting instruction at the close of evidence. *See Ramirez*, 426 F.3d at 1350, 1354, and *Donelson*, 797 F. App'x at 498–99.

Evidence of the video Segari posted on August 12 is not unfairly prejudicial. It occurred approximately five days before the threat videos she posted on August 17 and 18, and is similar in rhetoric to the latter videos. It is reasonable for a jury to find the three videos are related to each other, and there is little danger that a jury would find Segari guilty solely for her statements on August 12. Furthermore, the posting contains Segari's own words, which the jury may construe and interpret in conjunction with other evidence.

Any risk of undue prejudice can be reduced by the Court providing the limiting instruction from Eleventh Circuit pattern instruction S4.1:

> During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in

the indictment, the Defendant had a motive or the opportunity to commit the acts charged in the indictment, and the Defendant committed the acts charged in the indictment by accident or mistake.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ Michael C. Sinacore
Michael C. Sinacore
Assistant United States Attorney
Florida Bar No. 868523
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: michael.sinacore@usdoj.gov

**U.S. v. DESIRE DOREEN SEGARI Case No. 8:25-cr-456-KKM-AAS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Michael C. Sinacore*
Michael C. Sinacore
Assistant United States Attorney
Florida Bar No. 868523
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: michael.sinacore@usdoj.gov