UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-456-KKM-AAS

DESIREE DOREEN SEGARI

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE (DOC. 34)**

The United States, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, responds in opposition to Desiree Doreen Segari's Motion in Limine (Doc. 34). Segari seeks to preclude from evidence "any other videos, comments, or statements she made or posted on social media, other than the two TikTok videos at issue in this case that were identified in the indictment. Doc. 34. Evidence of other videos or comments she made on social media regarding the two TikTok videos, however, are relevant and admissible under Fed. R. Evid. 401 and 801, and should not be excluded under Fed. R. Evid. 403.

The United States has filed a Notice of Intent to Admit Evidence of Other Crimes, Wrongs or Acts Under Fed. R. Evid. 404(b). Doc. 41.[1] The government incorporates by reference Doc. 41 to this response. The notice

[1] The same notice, which was filed as Doc. 35, incorrectly named the previous United States Attorney. Doc. 41 corrects that error and is otherwise identical to Doc. 35.

explains the relevance of the video Segari posted on August 12, 2025, approximately five days before the threat videos she posted on August 17 and August 18. The August 12 video should be admitted for the purposes explained in the government's notice (Doc. 41).

Segari also posted comments and several additional videos after August 18, in which Segari she defended herself from apparent criticism and she explained or attempted to justify the previous videos. Should the government choose to introduce evidence of her comments and statements in additional videos, such evidence would be related to the threat videos and relevant under Fed. R. Evid. 401. Segari's additional statements are of consequence and material to the elements of the offense, and her statements are not hearsay under Fed. R. Evid. 801(d)(2), as they are statements by an opposing party.

Any statements Segari made—whether to law enforcement or to a social media audience—that admit or deny responsibility for posting the alleged threat videos, attempt to justify the threat videos, or otherwise explain what she meant in the threat videos or her purpose in posting them, are relevant to prove that Segari made and posted the threat videos alleged in the indictment and her motive and intent for doing so. They are also relevant to show Segari acted recklessly when she posted the videos and that others interpreted the videos as threatening.

Furthermore, none of Segari's relevant statements should be excluded. Her statements are relevant for purposes other than proving her character or a character trait, they do not prove that she acted in accordance with any character trait when she posted the threat videos, and they are not inadmissible under Fed R. Evid 404(a). Also, their probative value is not substantially outweighed by a danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, and they should not be excluded under Fed. R. Evid. 403. Even if Segari's statements carry a prejudicial component in addition to their relevant application, such as reflecting on the defendant's character, such prejudice is not unfair, as Segari's statements are her own. It is not unfair for the jury to hear Segari's own words to determine her knowledge, motive, and intent, and whether the elements are proved beyond a reasonable doubt. Even if her statements and comments are considered to reflect poorly on her character, their relevance is not unfairly or substantially outweighed. Exclusion of evidence under Rule 403 is an extraordinary remedy which should only be used sparingly, and the balance should be struck in favor of admissibility. *U.S. v. Edouard*, 485 F.3d at 1351, n.8 (citing *U.S. v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006).

For the foregoing reasons, the Defendant's Motion in Limine should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: /s/ Michael C. Sinacore
Michael C. Sinacore
Assistant United States Attorney
Florida Bar No. 868523
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: michael.sinacore@usdoj.gov

**U.S. v. DESIRE DOREEN SEGARI      Case No. 8:25-cr-456-KKM-AAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Michael C. Sinacore*
Michael C. Sinacore
Assistant United States Attorney
Florida Bar No. 868523
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: michael.sinacore@usdoj.gov