UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:25-cr-456-KKM-AAS

DESIREE DOREEN SEGARI

## JURY INSTRUCTIONS

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

### The Duty to Follow Instructions and the Presumption of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove her innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Introduction to Offense Instructions

The indictment charges a crime, called a "count," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant committed the offense of interstate communication of a true threat to injury. I will explain the law governing that offense.

## Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

## On or About a Particular Date

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**Caution: Punishment**

I caution you that the Defendant is on trial <u>only</u> for the specific crime charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of that specific crime.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**Confession or Statement of a Single Defendant**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

## Similar Acts Evidence

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. For the video in Exhibit 1, you must not consider this evidence to decide if the Defendant engaged in the activity alleged in the indictment. But you may consider the first video in Exhibit 1 for context and to decide whether:

- the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

- the Defendant had a motive to commit the acts charged in the indictment; or

- the Defendant committed the acts charged in the indictment by accident or mistake.

For the videos in Exhibits 3 and 4, the Defendant has not been charged with any crime for those videos. But you may consider these videos for the limited purposes of context and to decide whether:

- the Defendant made the videos for which she was charged;

- the statements made in the videos for which the Defendant was charged constitute a true threat;

- the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or

- the Defendant committed the acts charged in the indictment by accident or mistake.

You may not consider this evidence for any other purpose.

The Defendant is currently on trial only for the crime charged in the indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

**Interstate Transmission of Threat to Injure
18 U.S.C. § 875(c)**

It is a Federal crime to knowingly send in interstate commerce a true threat to injure any person.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1)     the Defendant knowingly sent a message in interstate commerce containing a true threat to injure the person of another; and

(2)     the Defendant sent the message with either recklessness as to whether it could be viewed as a true threat or intent to communicate a true threat.

The Government doesn't have to prove that the Defendant intended to carry out the threat.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

To transmit something in "interstate commerce" means to send it from a place in one state to a place in another state.

A "true threat" is a serious threat – not idle talk, political hyperbole, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of being injured or another person being injured.

"Recklessness" means that the speaker is aware that others could regard her statements as threatening violence and delivers them anyway.

## **Theory of Defense**

The First Amendment of the United States Constitution permits restrictions upon the content of speech in only a few well-defined and narrow classes of speech. The exception relevant here is for "true threats." As I said before, a "true threat" is a serious threat—not idle talk, a careless remark, political hyperbole, or something said jokingly—that is made under circumstances that would place a reasonable person in fear of being physically injured. Ms. Segari contends that her statements were not "true threats," but rather, political speech protected by the First Amendment. If you have a reasonable doubt as to whether the statements made in the videos were a "true threat," you must find Ms. Segari not guilty.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.